10-4348-cv
Dellatte v. Rufus

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FRANK DELLATTE,

> *Plaintiff-Appellant,*

-v.-                                                                No. 10-4348-cv

GREAT NECK UNION FREE SCHOOL DISTRICT, MICHAEL RUFUS,

and ROBERT DEVLIN,

> *Defendants-Appellees,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          ALAN E. WOLIN, Wolin & Wolin, Jericho, NY.

**FOR DEFENDANTS-APPELLEES:**          JOSEPH CARBONARO, Frazer & Feldman, LLP, Garden City, NY, *for defendants-appellees Great Neck Union Free School District and Robert Devlin.*

MAURIZIO SAVOIARDO, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY, *for defendant-appellee Michael Rufus.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (A. Kathleen Tomlinson, *Magistrate Judge*) entered September 30, 2010.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Frank Dellatte, who is employed by the Great Neck Union Free School District (the "District") as a cleaner, appeals from a judgment of the District Court dismissing his First Amendment retaliation action, brought pursuant to 42 U.S.C. § 1983, against the District, Michael Rufus (head custodian and direct supervisor), and Robert Devlin (Director of Maintenance), for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6).

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Following our *de novo* review of the record as a whole, we affirm the judgment of the District Court because the speech at issue, based on its "content, form, and context," did not "address[] a matter of public concern." *Sousa v. Roque*, 578 F.3d 164, 175 (2d Cir. 2009) (internal quotation marks omitted); *see also Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); *Weintraub v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 593 F.3d 196, 201 (2d Cir. 2010); *Ruotolo v. City of New York*, 514 F.3d 184, 188, 190 (2d Cir. 1998) ("A public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." (quoting *Boyce v. Andrews*, 510 F.3d 1333, 1343 (11th Cir. 2007))).

We have considered all of Dellatte's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment entered September 30, 2010 is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk